

# BRENDA MEADOWS PEACOCK

CLERK, CIRCUIT COURT
PIKE CO COURTHOUSE
120 W. CHURCH STREET
TROY, AL 36081
(334) 566-5113

## FAX COVER SHEET
From: 334-807-0555

DATE: _April 19, 2006_

TO: _Attorney General's Office_

PLEASE DELIVER TO: _Hense Ellis_

FROM: _Pike Co. Circuit Clerk_

PAGE 1 OF _____.

COMMENTS: _Charles Kelvin Johns_
_CC 02-96 & 97.60  Rule 32_
_CAS, Order, Petition_

IF YOU DID NOT RECEIVE ALL PAGES OF THIS TRANSMITTAL,
PLEASE CALL (334)566-5113 OR (334)566-4622.



```
CRO370          ALABAMA JUDICIAL INFORMATION SYSTEM     CASE: CC 2002 000096.60
PER: JOP              CASE ACTION SUMMARY              RUN DATE: 06/01/2005
AGE:  1                CIRCUIT  CRIMINAL
```

JUDGE: TEH

IN THE CIRCUIT COURT OF      PIKE

STATE  OF  ALABAMA                    VS      JOHNS CHARLES KELVIN
                                              VENTRESS CORR.      154434
CASE: CC 2002 0C0096.60                       P.O. BOX 767
                                              CLAYTON, AL  36016 0000

DOB: 07/29/1960      SEX: M  RACE: B  HT: 6 01  WT: 225  HR: BLK EYES: BRO
SSN: 417940303  ALIAS NAMES: MYHAND CHARLES

CHARGE01: RULE 32-FELONY        CODE01: RULE  LIT: RULE 32-FELONY TYP: F #: 001
OFFENSE DATE:                           AGENCY/OFFICER:

DATE WAR/CAP ISS:                    DATE ARRESTED:
DATE     INDICTED:                   DATE     FILED: 05/26/2005
DATE     RELEASED:                   DATE   HEARING:
         BOND AMOUNT:        $.00    SURETIES:

DATE 1:          DESC:                    TIME: 0000
DATE 2:          DESC:                    TIME: 0000

TRACKING NOS: CC 2002 000096 00  /                       /

   DEF/ATY:                     TYPE:                           TYPE:

                         00000                        00000

PROSECUTOR: MCALILEY GARY L

=====================================================================
TH CSE: CC200200009600 CHK/TICKET NO:              GRAND JURY:
COURT REPORTER:                  SID NO:    000000000
EF STATUS: PRISON                DEMAND: N                      OPER: JOP

 TRANS DATE | ACTIONS, JUDGEMENTS, AND NOTES                         OPE
```

| TRANS DATE | ACTIONS, JUDGEMENTS, AND NOTES | | OPE |
|---|---|---|---|
| 06/01/2005 | ASSIGNED TO: (TEH) | (AR01) | JOP |
| 06/01/2005 | INITIAL STATUS SET TO: "P" - PRISON | (AR01) | JOP |
| 06/01/2005 | FILED ON: 05/26/2005 | (AR01) | JOP |
| 06/01/2005 | CHARGE 01: RULE 32-FELONY/#CNTS: 001 | (AR01) | JOP |
| 06/01/2005 | CASE ACTION SUMMARY PRINTED | (AR08) | JOP |
| 6-1-05 | Copy of Rule 32 to State | | |
| 6-14-05 | Order for State to Respond w/i 30 days. DA, △ | | |
| 6-30-05 | At State request Sent 2nd Copy of Rule 32 to State | | |
| 7-13-05 | State Motion for Extension of Time | | |
| 7-15-05 | Order giving State 30 days (additional) to respond. DA, Deft | | |
| 8-3-05 | State Response to Rule 32 | | |
| 10-13-05 | Letter of Inquiry | | |
| 11-17-05 | Copy CAS to Deft | | |
| 12-16-05 | Order denying Rule 32 — DA, △ | | |

```
ACRO370                   ALABAMA JUDICIAL INFORMATION SYSTEM      CASE: CC 2002 000097.60
OPER: JOP                         CASE ACTION SUMMARY
PAGE:   1                          CIRCUIT   CRIMINAL                RUN DATE: 06/01/2005
                                                                              JUDGE: TEH
IN THE CIRCUIT COURT OF    PIKE

STATE  OF  ALABAMA                        VS      JOHNS CHARLES KELVIN
                                                  VENTRESS CORR.    154434
CASE: CC 2002 000097.60                           P.O. BOX 767
                                                  CLAYTON, AL   36016 0000

DOB: 07/29/1960          SEX: M  RACE: B  HT: 6 01  WT: 225    HR: BLK EYES: BRO
SSN: 417940303  ALIAS NAMES: MYHAND CHARLES
==============================================================================
CHARGE01: RULE 32-FELONY      CODE01: RULE  LIT: RULE 32-FELONY TYP: F #: 001
OFFENSE DATE:                         AGENCY/OFFICER:

DATE WAR/CAP ISS:                       DATE ARRESTED:
DATE    INDICTED:                       DATE    FILED: 05/26/2005
DATE    RELEASED:                       DATE  HEARING:
     BOND AMOUNT:             $.00         SURETIES:

DATE 1:              DESC:             TIME: 0000
DATE 2:              DESC:             TIME: 0000

TRACKING NOS: CC 2002 000096 00  /                    /

   DEF/ATY:                      TYPE:                           TYPE:

                        00000                        00000

PROSECUTOR: MCALILEY GARY L
```

```
==============================================================================
OTH CSE: CC200200009600 CHK/TICKET NO:                  GRAND JURY:
COURT REPORTER:                     SID NO:     000000000
DEF STATUS: PRISON                  DEMAND: N                      OPER: JOP
==============================================================================
 TRANS DATE    ACTIONS, JUDGEMENTS, AND NOTES                       OPE
------------------------------------------------------------------------------
 06/01/2005 | ASSIGNED TO: (TEH) THOMAS E HEAD          (AR01)     JOP |
------------------------------------------------------------------------------
 06/01/2005 | INITIAL STATUS SET TO: "P" - PRISON       (AR01)     JOP |
------------------------------------------------------------------------------
 06/01/2005 | CHARGE 01: RULE 32-FELONY/#CNTS: 001      (AR01)     JOP |
------------------------------------------------------------------------------
 06/01/2005 | FILED ON: 05/26/2005                      (AR01)     JOP |
------------------------------------------------------------------------------
 06/01/2005 | CASE ACTION SUMMARY PRINTED               (AR08)     JOP |
------------------------------------------------------------------------------
 6-1-05    | Copy Rule 32 to State                                     |
------------------------------------------------------------------------------
 6-1-05    | Order for State to Respond w/i 30 days - DA, Δ            |
------------------------------------------------------------------------------
 6-30-05   | At State request Sent 2nd Copy of Rule 32 to             |
           | State                                                     |
------------------------------------------------------------------------------
 7-13-05   | State Motion For Extension of Time                        |
------------------------------------------------------------------------------
 7-15-05   | Order giving State 30 additional days to respond.        |
           | DA, Def                                                   |
------------------------------------------------------------------------------
 8-3-05    | State Response to Rule 32                                 |
------------------------------------------------------------------------------
 12-16-05  | Order denys Rule 32 - DA, Δ                               |
------------------------------------------------------------------------------
           |                                                           |
------------------------------------------------------------------------------
           |                                                           |
------------------------------------------------------------------------------
```

IN THE CIRCUIT COURT OF PIKE COUNTY, ALABAMA

STATE OF ALABAMA,                           *

     PLAINTIFF,                            *

VS.                                         *        CASE NOS. CC-2002-96███
                                            CC-2002-97███

CHARLES K. JOHNS,                           *

     DEFENDANT.                            *

### ORDER

    This cause being submitted upon Defendant's petition for relief from conviction or sentence pursuant to Rule 32, A.R.Cr.P., and the Court having considered the same, as well as the State's response in opposition, and finding that said petition is both precluded under the operative provisions of said rule and that the allegation of ineffective assistance of counsel is without factual merit, it is hereby;

    ORDERED AND ADJUDGED that the petition of Charles K. Johns for relief of conviction or sentence is denied.

    DONE THIS THE 15th day of December, 2005.



_____
CIRCUIT JUDGE



# PETITION FOR RELIEF FROM CONVICTION OR SENTENCE

### (Pursuant to Rule 32,
### Alabama Rules of Criminal Procedure)

Case Number

CC 02 - 96 × 97
ID    YR    NUMBER

IN THE __CIRCUIT__ COURT OF __PIKE COUNTY__ ALABAMA

__CHARLES KEVIN JOHNS__ vs. __STATE OF ALABAMA__
Petitioner (Full Name)                       Respondent

[Indicate either the "State" or, if filed in municipal court, the name of the "Municipality"]

VENTRESS CORRECTIONAL FACILITY
P. O. BOX 767
CLAYTON, AL 36016

Prison Number __15443I__    Place of Confinement _____

County of conviction __PIKE__

NOTICE:  BEFORE COMPLETING THIS FORM, READ CAREFULLY THE ACCOMPANYING INSTRUCTIONS.

1. Name and location (city and county) of court which entered the judgment of conviction or sentence under attack __TROY, ALABAMA__
   __PIKE__

2. Date of judgment of conviction : __MARCH 12, 2003__

3. Length of sentence __LIFE + PLUS SIX MONTHS IN THE COUNTY JAIL__

4. Nature of offense involved (all counts) __KIDNAPPING, SECOND DEGREE, AND CARRYING A CONCEALED WEAPON (MISDEMEANOR).__

5. What was your plea?  (Check one)
   (a) Guilty _____
   (b) Not guilty __X__
   (c) Not guilty by reason of mental disease or defect _____
        ... by reason of mental disease or defect _____

6. Kind of trial: (Check one)

(a) Jury __X__      (b) Judge only _____

7. Did you testify at the trial?

Yes __X__      No _____

8. Did you appeal from the judgment of conviction?

Yes __X__      No _____

9. If you did appeal, answer the following:

(a) As to the state court to which you first appealed, give the following information:

(1) Name of court __ALABAMA COURT OF CRIMINAL APPEALS__

(2) Result __CONVICTION AFFIRMED__

(3) Date of result __JANUARY 23, 2004__

(b) If you appealed to any other court, then as to the second court to which you appealed, give the following information:

(1) Name of court __ALABAMA SUPREME COURT__

(2) Result __PETITION FOR WRIT OF CERTIORARI DENIED.__

(3) Date of result __MAY 14, 2004.__

(c) If you appealed to any other court, then as to the third court to which you appealed, give the following information: N/A

(1) Name of court _____

(2) Result _____

(3) Date of result _____

10. Other than a direct appeal from the judgment of conviction and sentence, have you previously filed any petitions, application: or motions with respect to this judgment in any court, state or federal?

Yes _____          No __✳__

11. If your answer to Question 10 was "yes", then give the following information in regard to the first such petition, application, or motion you filed: ℕ/Å

(a) (1) Name of court _____

(2) Nature of proceeding _____

(3) Grounds raised _____

_____

_____

_____

_____

(attach additional sheets if necessary)

(4) Did you receive an evidentiary hearing on your petition, application, or motion? ℕ/Å

Yes _____          No _____

(5) Result _____

(6) Date of result _____

(b) As to any second petition, application, or motion, give the same information: ℕ/Å

(1) Name of court _____

(2) Nature of proceeding _____

(3) Grounds raised _____

_____

_____

_____

(attach additional sheets if necessary)

(4) Did you receive an evidentiary hearing on your petition, application, or motion? ℕ/Å

Yes _____          No _____

(5) Result _____

(6) Date of result _____

(c) As to any third petition, application, or motion, give the same information (attach additional sheets giving the same information for any subsequent petitions, applications, or motions): ℕ/Å

(1) Name of court _____

-8-

(3) Grounds raised _____

_____

_____

_____

_____

(attach additional sheets if necessary)

(4) Did you receive an evidentiary hearing on your petition, application, or motion? N/A

Yes _____ No _____

(5) Result _____

(6) Date of result _____

(d) Did you appeal to any appellate court the result of the action taken on any petition, application, or motion? N/A

(1) First petition, etc. Yes _____ No _____

(2) Second petition, etc. Yes _____ No _____

(2) Third petition, etc. Yes _____ No _____

**ATTACH ADDITIONAL SHEETS GIVING THE SAME INFORMATION FOR ANY SUBSEQUENT PETITIONS, APPLICATIONS, OR MOTIONS.**

(e) If you did not appeal when you lost on any petition, application, or motion, explain briefly why you did not

_____

_____

_____

_____

12. Specify every ground on which you claim that you are being held unlawfully, by placing a check mark on the appropriate line(s) below and providing the required information. Include all facts. If necessary, you may attach pages stating additional grounds and the facts supporting them.

# GROUNDS OF PETITION

Listed below are the possible grounds for relief under Rule 32. Check the ground(s) that apply in your case, and follow the instruction under the ground(s):

X A. The Constitution of the United States or of the State of Alabama requires a new trial, a new sentence proceeding, or other relief.

For your information, the following is a list of the most frequently raised claims of constitutional violation:

-4-

(1) Conviction obtained by plea of guilty which was unlawfully induced or not made voluntarily with understanding of the nature of the charge and the consequences of the plea.

(2) Conviction obtained by use of coerced confession.

(3) Conviction obtained by use of evidence gained pursuant to an unconstitutional search and seizure.

(4) Conviction obtained by use of evidence obtained pursuant to an unlawful arrest.

(5) Conviction obtained by a violation of the privilege against self-incrimination.

(6) Conviction obtained by the unconstitutional failure of the prosecution to disclose to the defendant evidence favorable to the defendant.

(7) Conviction obtained by a violation of the protection against double jeopardy.

(8) Conviction obtained by action of a grand or petit jury which was unconstitutionally selected and impaneled.

(9) Denial of effective assistance of counsel.

This list is not a complete listing of all possible constitutional violations.

If you checked this ground of relief, attach a separate sheet of paper with this ground listed at the top of the page. On this separate sheet of paper list each constitutional violation that you claim, whether or not it is one of the nine listed above, and include under it each and every fact you feel supports this claim. Be specific and give details.

B. The court was without jurisdiction to render the judgment or to impose the sentence.

If you checked this ground or relief, attach a separate sheet of paper with this ground listed at the top of the page. On this separate sheet of paper list each and every fact you feel supports this claim. Be specific and give details.

C. The sentence imposed exceeds the maximum authorized by law, or is otherwise not authorized by law.

If you checked this ground or relief, attach a separate sheet of paper with this ground listed at the top of the page. On this separate sheet of paper list each and every fact you feel supports this claim. Be specific and give details.

D. Petitioner is being held in custody after his sentence has expired.

If you checked this ground or relief, attach a separate sheet of paper with this ground listed at the top of the page. On this separate sheet of paper list each and every fact you feel supports this claim. Be specific and give details.

E. Newly discovered material facts exist which require that the conviction or sentence be vacated by the court, because:

The facts relied upon were not known by petitioner or petitioner's counsel at the time of trial or sentencing or in time to file a post-trial motion pursuant to rule 24, or in time to be included in any previous collateral proceeding, and could not have been discovered by any of those times through the exercise of reasonable diligence; and

The facts are not merely cumulative to other facts that were known; and

The facts do not merely amount to impeachment evidence; and

If the facts had been known at the time of trial or sentencing, the result would probably have been different; and

The facts establish that petitioner is innocent of the crime for which he was convicted or should not have received the sentence that he did.

If you checked this ground or relief, attach a separate sheet of paper with this ground listed at the top of the page. On this separate sheet of paper list each and every fact you feel supports this claim. Be specific and give details.

_____   F.   The petitioner failed to appeal within the prescribed time and that failure was without fault on petitioner's part.

If you checked this ground or relief, attach a separate sheet of paper with this ground listed at the top of the page. On this separate sheet of paper list each and every fact you feel supports this claim. Be specific and give details.

13.   IMPORTANT NOTICE REGARDING ADDITIONAL PETITIONS RULE 32.2(b) LIMITS YOU TO ONLY ONE PETITION IN MOST CIRCUMSTANCES. IT PROVIDES:

> "Successive Petitions. The court shall not grant relief on a second or successive petition on the same or similar grounds on behalf of the same petitioner. A second or successive petition on different grounds shall be denied unless the petitioner shows both that good cause exist why the new ground or grounds were not known or could not have been ascertained through reasonable diligence when the first petition was heard, and that failure to entertain the petition will result in a miscarriage of justice."

A.   Other than an appeal to the Alabama Court of Criminal Appeals or the Alabama Supreme Court, have you filed in state court any petition attacking this conviction or sentence?

Yes _____          No __✱__

B.   If you checked "Yes," give the following information as to earlier petition attacking this conviction or sentence:

(a)   Name of court _____

(b)   Result _____

(c)   Date of result _____
(attach additional sheets if necessary)

C.   If you checked the "Yes" line in 13A, above, and this petition contains a different ground or grounds of relief from an earlier petition or petitions you filed, attach a separate sheet or sheets labeled: "EXPLANATION FOR NEW GROUND(S) OF RELIEF."

On the separate sheet(s) explain why "good cause exists why the new ground or grounds were not known or could not have been ascertained through reasonable diligence when the first petition was heard, and [why the] failure to entertain [this] petition will result in a miscarriage of justice."

14.   Do you have any petition or appeal now pending in any court, either state or federal, as to the judgment under attack?

Yes _____          No __✱__          - 7 -

## ✳ Grounds of Petition ✳

(A) The Constitution of the United States, or of the State of Alabama Requires a New Trial, a New Sentence Proceeding, or other Relief if:

(9)   The Petitioner was denied Effective Assistance of Counsel.

(B) The Court was without Jurisdiction To Render The Judgment or To Impose The Sentence.

(C) The Sentence Imposed Exceeds The Maximum Authorized By Law, or is otherwise not Authorized By Law.

(F) Due Process of Law Violations of The United States Constitution Exist.

## ✳ Facts and Argument In Support of Grounds ✳

The Standard for Determining Whether The Sixth Amendment Right To Effective Assistance of Counsel Has Been Violated was set forth By The Supreme Court in Strickland v. Washington, 466 U.S. 668, 104 S. Ct. 2052, 80 L. Ed. 2d 674 (1984).

The Defendant must Prove Both Parts of a Two Pronged Test: (1) The Defendant must show That Counsel's Representation Fell Below an objective Standard of Reasonableness; and (2) That Those Deficiencies Resulted In Prejudice To The Defense.

An Attorney Has a duty To "Bring To Bear Such Skill and Knowledge as Will Render The Trial a Reliable Adversarial Testing Process." Strickland Citing Powell v. Alabama, 287 U.S. 68, 53 S. Ct. 63, 77 L. Ed. 158 (1932). The Court must determine "[I]n Light of all The Circumstances, That The Identified Acts or omissions Were outside The Wide Range of Professionally Competent Assistance.

In making that determination, the court should keep in mind that counsel's function, as elaborated in the prevailing professional norm is to make the adversarial testing process work in that particular case". Strickland at 690.

To explain the second prong of Strickland, the court stated that the question is whether "there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different. A reasonable probability is a probability sufficient to undermine confidence in the outcome". Strickland at 694.

Following his January 14, 2002 arrest, Charles Kevin Johns appeared in Coffee County District Court and was arraigned on charges of kidnapping, first degree, and, carrying a concealed weapon. A copy of the order issued in regard to same is attached hereto as Exhibit "A".

Although Exhibit "A", at line "3" asserts that the petitioner was informed that he was rightfully entitled to an attorney and provided with hardship affidavit, this is untrue, as during the hearing petitioner was merely informed of the charges against him and the amount of his bond before being taken back to jail.

Within a few days of petitioner's arrest, Thomas K. Brantley, attorney at law, was retained by his wife to represent him in this matter. Please see affidavit of Charlene Johns attached hereto. Approximately two weeks after being retained, Mr. Brantley visited petitioner at the jail for the first time, where charges were discussed, along with the previous conspiratorial actions of the theft of petitioner's property that had initiated the whole scenario of petitioner's arrest.

Petitioner informed counsel that, at the time of his death, his father, Thomas K. Johns, owned real estate, which he (the petitioner), along with his brothers and sisters, had been attempting to have probated. That the trouble had began some years before when the petitioner had attempted to secure a loan in order to have his home remodeled. When the petitioner was unable to do so because the property had not been probated.

Petitioner then hired attorney Keith Watkins who prepared a quit claim deed which was signed by the other members of petitioner's family, covering title of the property to petitioner. The deed is attached hereto as Exhibit "B". Mr. Watkins was also to have the property probated.

Several years later, when petitioner attempted to have his land surveyed, it became apparent that the property had never been probated.

IT ALSO BECAME APPARENT TO PETITIONER, THAT HE AND HIS FAMILY HAD INHERITED MORE PROPERTY THAN THAT OF WHICH THEY WERE AWARE OF. A TRIP TO THE PROBATE CLERK'S OFFICE WAS IN VAIN, AS THE CLERK REFUSED TO PROVIDE PETITIONER WITH COPIES OF RECORDS RELATING TO ANY PROPERTY OWNED BY HIS DECEASED FATHER.

THIS PROMPTED THE PETITIONER, ALONG WITH OTHER FAMILY MEMBERS, TO HIRE ATTORNEY JULIAN McPHILLIPS, TO CONDUCT A TITLE SEARCH OF PROBATE RECORDS AT THE PIKE COUNTY COURTHOUSE. EMBARKING UPON THE SEARCH, MR. McPHILLIPS, AT FIRST, BEGAN TO REPORT TO PETITIONER THAT HE HAD UNCOVERED SOME VERY PECULIAR DISCREPENCIES IN THE RECORDS PERTAINING TO THE PROPERTIES IN WHICH BELONGED TO HIS FATHER. HOWEVER, HE OFFERED NO DOCUMENTATION, AND AS TIME PASSED, THE PERIODS BETWEEN REPORTS BECAME LONGER. DOCUMENTATION WAS FURTHER PROMISED AT A LATER DATE, BUT HE EVENTUALLY BECAME VERY EVASIVELY, VAGUE ABOUT HIS DISCOVERIES.

DURING THIS PERIOD OF TIME, THE PETITIONER HAD BEGUN A BUSINESS IN REQUIRING EQUIPTMENT AND WAS EXPERIENCING DIFFICULTIES WITH FINANCIAL OBLIGATIONS. THIS AGAIN PROMPTED SEVERAL MORE FUTILE TRIPS TO THE PROBATE OFFICE WITH NO SUCCESS. PETITIONER EVENTUALLY BEGAN TO RELY ON HIS WIFES INCOME. SEE ATTACHED AFFIDAVIT OF MRS. CHARLENE JOHNS.

PETITIONER, FURTHER INFORMED OF THE EVENT AT THE COURTHOUSE BY COUNSEL THAT IN NO WAY DID IT WARRANT KIDNAPPING IN THE FIRST DEGREE.

COUNSEL TOLD PETITIONER THAT HIS ACTIONS ONLY WARRANTED RECKLESS ENDANGERMENT, WHICH IS DEFINED BY § 13A-6-24, CODE 1975, AS: "(A) A PERSON COMMITS THE CRIME OF RECKLESS ENDANGERMENT IF HE RECKLESSLY ENGAGES IN CONDUCT WHICH CREATES A SUBSTANTIAL RISK OF SERIOUS PHYSICAL INJURY TO ANOTHER PERSON." (B) RECKLESS ENDANGERMENT IS A CLASS-A MISDEMEANOR".

OR, MENACING, WHICH IS DEFINED BY § 13A-6-23, CODE, 1975, AS: "(A) A PERSON COMMITS THE CRIME OF MENACING IF, BY PHYSICAL ACTION, HE INTENTIONALLY PLACES OR ATTEMPTS TO PLACE ANOTHER PERSON IN FEAR OF IMMINENT SERIOUS PHYSICAL INJURY" (B) MENACING IS A CLASS A MISDEMEANOR".

THOUGH AWARE OF PETITIONER'S VERSION OF THE INCIDENT, AND WELL AWARE THAT HE HAD BEEN ERRONEOUSLY CHARGED, MR. BRANTLEY FAILED TO CHALLENGE THE ARREST WARRANT, AND IT'S SUPPORTING AFFIDAVIT. COPIES OF SAME HAVE BEEN ATTACHED HERETO AS EXHIBIT "L".

MR. BRANTLEY, AS A LICENSED PRACTICING ATTORNEY, WAS WELL AWARE THAT:

"Affidavits which consist solely of the affiants conclusion that the named individual committed an offense, without setting forth the facts upon which the conclusion is based, are fatally defective." Crittenden v. State, 476 So. 2d 632 (Ala. 1985), Cert. Denied, 475 U.S. 1031, 106 S. Ct. 1239, 89 L. Ed. 2d 347 (1986).

This affidavit is based solely on conclusions, thus fatally defective. An attack on same, by counsel, would have resulted in it's dismissal, and petitioner's release from custody. Or in the event of a ruling adverse to the petitioner, the trial court could have been placed in error on appeal. As a direct result of counsel's failure to attack the warrant and affidavit in the manner set out here, petitioner remains to date in custody.

Counsel, although he filed a motion seeking a preliminary hearing, (Exhibit "D"), allowed same to be continued (Exhibit "E"), until prosecutors had a chance to have an indictment returned against petitioner (Exhibit "F").

The returned indictment was for kidnapping, first degree, and was also a proceeding in which Judge Robert Barr presided. It is evident that this posted a very real and serious conflict of interest, and is in severe violation of judicial ethics.

Petitioner has since learned that Robert Barr, as rightfull heir to H. S. Barr, is, and/or may be involved in a conspiracy, along with the Brundidge Alabama mayor, James T. Rammage, III, to deprive the petitioner of his rightfull heirship of his deceased father's real estate properties located in or around Brundidge, Alabama.

Petitioner asserts that this alone is substantial grounds to render the indictment noile and void, and therefore unconstitutional.

The indictment for kidnapping, first degree, was obtained through perjurred testimony falsified in anticipation of rendering the illegal indictment, or misreading of the statute upon which it was obtained.

Petitioner concluded from the record at trial of the sworn oath testimony of the alleged victim, the states witnesses, and also statute § 13A-6-43 Subsection (B), that the indictment could not be obtained/returned for kidnapping, first degree. § 13A-6-43 (B) prohibits petitioner's conviction, § 13A-6-43, code, 1975, reads pertinent in part:

(B) "A PERSON DOES NOT COMMIT THE CRIME OF KIDNAPPING IN THE FIRST DEGREE IF HE VOLUNTARILY RELEASES THE VICTIM ALIVE, AND NOT SUFFERING FROM SERIOUS PHYSICAL INJURY, IN A SAFE PLACE PRIOR TO APPREHENSION. THE BURDEN OF INJECTING THE ISSUE OF VOLUNTARY SAFE RELEASE IS ON THE DEFENDANT, BUT THIS DOES NOT SHIFT THE BURDEN OF PROOF. THIS SUBSECTION DOES NOT APPLY TO A PROSECUTION FOR, OR PRECLUDE A CONVICTION OF KIDNAPPING IN THE SECOND DEGREE OR ANY OTHER CRIME."

THERE WAS NO INCIDENT REPORT, ARREST REPORT OF INCIDENT, SWORN AFFIDAVIT, OR ANY OTHER WRITTEN, OR RECORDED STATEMENTS OF WITNESSES, PETITIONER, OR VICTIM EVER PROVIDED OR PRODUCED, LEAVING ONE ALTERNATIVE, INDICTMENT WAS OBTAINED SOLELY ON PERJURED TESTIMONY PRESENTED TO THE GRAND JURY.

THIS MISCONDUCT RESULTED IN AN ILLEGALLY OBTAINED INDICTMENT, FOR THE SOLE PURPOSE FOR THE MANDATORY MISUSE OF JURY INSTRUCTION OF THE LESSER INCLUDED OFFENSE OF SECOND DEGREE KIDNAPPING. THEREFORE, EXCLUDING THE POSSIBILITY OF THE LESSER INCLUDED OFFENSE OF UNLAWFUL IMPRISONMENT WERE HE INDICTED ON SECOND DEGREE KIDNAPPING.

AN INDIVIDUAL CHARGED WITH KIDNAPPING, FIRST DEGREE, BY STATUTE, THE LESSER INCLUDED OFFENSE OF KIDNAPPING, SECOND DEGREE, MUST BE GIVEN AS INSTRUCTION TO JURY AT TRIAL BY COURT.

AN INDIVIDUAL CHARGED WITH KIDNAPPING, SECOND DEGREE, BY STATUTE, THE LESSER INCLUDED OFFENSE OF UNLAWFUL IMPRISONMENT, WHICH IS A CLASS A MISDEMEANOR, MUST BE GIVEN AS INSTRUCTION TO JURY AT TRIAL BY SENTENCING COURT.

THIS SUBSECTION DOES NOT PREVENT A CONVICTION BASED UPON INDICTMENT OF SECOND DEGREE KIDNAPPING. HOWEVER, THIS SUBSECTION DOES, IN FACT, PREVENT A CONVICTION OF KIDNAPPING, FIRST DEGREE, AS IN THE INSTANT CASE AT HAND.

THEREFORE, GOVERNMENT MISCONDUCT CAN ONLY BE DETERMINED AS THEORY FOR OBTAINING AN INDICTMENT FOR A CRIME IN WHICH THE LAW PROHIBITS A CONVICTION THEREOF AS IN PETITIONER'S INSTANT CASE.

PETITIONER CONCLUDES THAT THE REASONING BEHIND THIS THEORY WAS TO IN FACT, ASSURE A CONVICTION FOR THE HARSHEST CRIME POSSIBLE FOR HIS ACTIONS RATHER THAN THE ACTUAL SEVERITY IN WHICH HE WAS GUILTY.

PETITIONER STRONGLY AVER'S THAT THIS WAS A PRECONCEIVED STRATEGIC MANUEVER BY THE TRUELY UNETHICAL PRACTICE ON THE PROSECUTION'S BEHALF. THUS, DEPRIVING THE PETITIONER UNCONSTITUTIONALLY OF HIS PROPERTY. THE CONCEPT OF LIFE IMPRISONMENT BEING PROBABLE, AND FURTHERMORE BEING IMPOSED. THIS CONCEPT BEING BASED SOLELY UPON THE PETITIONER'S PREVIOUS FELONY CONVICTIONS FOR ENHANCEMENT OF THE SECOND DEGREE CONVICTION. THEREFORE EXCLUDING THE INDICTMENT OF KIDNAPPING, SECOND DEGREE TO ALEVIATE THE LESSER INCLUDED OFFENSE OF UNLAWFUL IMPRISONMENT. THUS BEING A CLASS-A MISDEMEANOR.

THE FORMULATION OF AN ONGOING CONSPIRACY BECAME MORE EVIDENT WITH THE PROGRESSION OF THE PROCEEDING, AND EVOLVED INTO PRIMA-FACIA WHEN DEFENSE COUNSEL PROFESSED THE STATE'S PLEA OFFER OF FIFTEEN YEARS WITH THE RELINQUISHMENT OF HALF OF PETITIONER'S PROPERTIES BEING A STIPULATION OF THE PLEA. THE AMOUNT OF PROPERTY IN QUESTION BEING APPROXIMATELY TEN-THOUSAND (10,000) ACRES. THIS AMOUNT BEING UNBEKNOWNST TO PETITIONER UNTIL THIS STAGE OF THE PROCEEDING.

COUNSELOR, BRANTLEY, FURTHER EXPLAINED THAT THE CONSPIRATOR'S IN QUESTION WERE IN FACT THE "HONORABLE" JUDGE, ROBERT BARR, AND THE CITY OF BRUNDIDGE MAYOR, JAMET. RAMMAGE, III.

ATTORNEY BRANTLEY FURTHER STATED THAT DUE TO THE UNUSUAL CIRCUMSTANCE INVOLVED, AND THE POSSIBILITY OF EVENTUAL SOCIETY PERSPECTIVE THAT HE, MR BRANTLEY'S INTENTION'S WERE TO WITHDRAW IF PETITIONER ACCEPTED SAID PLEA OFFER.

PETITIONER ASSERTS THAT THE MANDATORY REQUIREMENT TO DISCLOSE ALL UNETHICAL ACTIVITIES PURSUANT TO THE SWORN OATH PLEDGE OF OFFICE IS NOT ONLY PERTINENT TO JUDICIAL AUTHORITY. IT IS PERTINENT TO ALL MEMBERS OF PUBLIC OFFICIAL'S.

COUNSELOR BRANTLEY'S PERFORMANCE NOT ONLY FELL BELOW A REASONABLE STANDARD, HE ALSO VIOLATED THE SWOR OATH ETHICS STANDARD BY FAILING TO DISCLOSE SUCH CONSPIRATORIAL MISCONDUCT OF JUDICIAL ETHIC.

PETITIONER'S BEST INTEREST'S WERE CERTAINLY NOT CONSIDERED UPON FAILING TO CONTEST AN ILLEGALLY OBTAINED INDICTMENT, AND FAILING TO DISCLOSE THE CONSPIRATORIAL ACTIONS OF THE JUDICIAL AUTHORITIES

WHOM UTILIZE PUBLIC OFFICE AUTHORITY FOR PERSONAL MONETARY GAINS.

THE UNETHICAL ACTIONS DISPLAYED BY COUNSELOR BRANTLEY PROJECTS A CLEAR PICTURE OF ADHERENCE TO THE BEST INTEREST OF THE STATE AS OPPOSED TO A DEFENSE FOR THE PETITIONER.

THIS, COUPLED WITH THE FACT THAT COUNSELOR BRANTLEY FAILED TO MAKE ANY ATTEMPT TO LOCATE ANY OF THE NUMBER OF WITNESSES WHOM WERE PRESENT DURING THE INCIDENT THAT PETITIONER HAD REQUESTED CONSTITUTES FAILURE TO CONDUCT AN ADEQUATE INVESTIGATION.

IN DAVIS V. ALABAMA, 596 F. 2D 1214 (5TH CIR. 1979), THE FIFTH CIRCUIT COURT OF APPEALS HELD THAT "[I]T IS THE DUTY OF THE LAWYER TO CONDUCT A PROMPT INVESTIGATION OF THE CIRCUMSTANCES OF THE CASE AND EXPLORE ALL AVENUES LEADING TO FACTS RELATIVE TO GUILT, AND TO A DEGREE OF GUILT OR PENALTY." AMERICAN BAR ASSOCIATION PROJECT ON STANDARDS FOR CRIMINAL JUSTICE, STANDARDS RELATING TO THE PROSECUTION FUNCTION AND THE DEFENSE FUNCTION, SECTION 4.1 (TENATIVE DRAFT 1970.

PETITIONER ASSERTS THAT COUNSEL'S ACTIONS WERE WELL BELOW REQUIRED STANDARDS AS SET OUT HEREIN WHICH DEPRIVED PETITIONER OF THE EFFECTIVE ASSISTANCE OF COUNSEL TO WHICH HE IS ENTITLED UNDER THE UNITED STATES CONSTITUTION, UNDER THE SIXTH AMENDMENT.

MR. BRANTLEY ALSO REPRESENTED PETITIONER ON APPEAL. PETITIONER WOULD ASSERT THAT COUNSEL'S SOLE PURPOSE IN DOING SO WAS TO COVER HIS MISTAKES AND PACIFY PETITIONER FOR AS LONG AS POSSIBLE.

MOST IMPORTANTLY, COUNSEL WAS ONLY ABLE TO RAISE ONE (1) ISSUE ON APPEAL. AS TO RAISE ANY OTHER ISSUE WOULD HAVE BEEN TO RAISE THE INEFFECTIVE ASSISTANCE OF COUNSEL AGAINST HIMSELF AS HAS BEEN SHOWN HEREIN.

THUS, PETITIONER WAS DENIED A MEANINGFUL APPEAL AS WELL AS THE PREJUDICED TRIAL. THEREFORE, PETITIONER REMAINS IN PRISON WHERE HE IS UNABLE TO RETAIN WHAT IS RIGHTFULLY AND/OR CONSTITUTIONALLY HIS. "LIFE, LIBERTY, OR PROPERTY".

WHEREFORE, PETITIONER PRAYS THIS COURT MAKE ANY/ALL DECISIONS IN LIGHT OF JUSTICE TO AVOID FURTHER ADHERENCE TO HIGHER COURT AUTHORITY.....

✱ County of Barbour ✱
✱ State of Alabama ✱

Date : May 13, 2005

✱ Affidavit ✱

Before me, a Notary Public in and for said County and State at Large, personally appeared Charles Johns, whom being first duly sworn in accord with Law did depose and state as follows:

(1)  My name is Charles Johns, I am over the age of Twenty One (21) and both competent as well as willing to testify to the facts contained herein this deposition.

(2)  Upon Initial Consultation with Thomas K. Brantley (Brantley), and discussing the facts of the incident in which I was arrested, Mr. Brantley guaranteed me that the State's charge of Kidnapping in the First degree was not only erroneous, and frivolous, but was also rediculous due to the fact that the alleged victim involved was voluntarily released without injury in a safe place prior to my voluntary surrender.

(3)  Upon obtaining the original affidavit and complaint and reviewing such, Mr. Brantley failed to challenge the charge of Kidnapping in the First degree knowing the actions involved in the occurrence in no way warranted such an offense.

(4)  Although I went into explicit detail explaining to Mr. Brantley the conspiratorial actions involved, in which involved numerous particarpants of the State Employee's, States witnesses, directly and indirectly involved in the scheme to defraud me of my properties that this incident stemmed from, Mr. Brantley still failed to challenge the affidavit, complaint, or the indictment, with all of the Prima Facia Evidence indicating the Monetary gains reaped by said particarpants.

(5)  After the return of indictment and proceeding Jury Empanelment and the proceeding of trial, Mr. Brantley approached me with an offer of a Plea Agreement from Judicial Authorities of Fifteen years if I agreed to relinquish half of the properties in question to the conspiratorial parties I have referred to previously.

(6) THEREFORE, IN LIGHT OF ALL OF THE PREOCCURRED INCIDENTS IN WHICH INITIATED THIS CHARGE I WAS ILLEGALLY INDICTED FOR. NOT ONLY WERE THE ORIGINAL PARTIES OF THE THEFT BY DECEPTION GUILTY. ALL PARTIES INVOLVED IN THE ILLEGAL CHARGE, AND INDICTMENT, ALONG WITH THE PROSECUTOR AND THE SELECTIVELY PICKED WITNESSES WHO FALSELY TESTIFIED UNDER OATH AT THE GRAND JURY HEARING WERE ALSO GUILTY, ALONG WITH REPRESENTING COUNSEL MR. BRANTLEY, FOR ALLOWING SUCH A "TRAVESTY OF JUSTICE" OCCUR IN THE MIDST OF THIS "JUDICIAL MISCONDUCT" OF A PROCEEDING.

## ✳ SWORN OATH ✳

I, CHARLES JOHNS, DO HEREBY SWEAR / AFFIRM UNDER PENALTIES OF PERJURY, THAT THE FACTS STIPULATED IN THE ABOVE WRITTEN AFFIDAVIT ARE TRUE AND CORRECT.

AFFIANT: _Charles Johns_
CHARLES JOHNS.

## ✳ CERTIFICATE OF SERVICE ✳

I HEREBY CERTIFY THAT I HAVE SERVED A COPY OF THE ABOVE AND FOREGOING ENTRY UPON THE HONORABLE MIKE FULLER, DISTRICT ATTORNEY, BY PLACING A COPY OF SAME IN THE UNITED STATES MAIL, VIA THE CIRCUIT COURT CLERK OF PIKE COUNTY, ALABAMA, PIKE COUNTY COURTHOUSE ON THIS 14th DAY OF May 2005.

NOTARY _Carolyn R. Abercrombie_ DONE THIS 14th DAY OF May 2005.
COMMISSION EXPIRATION DATE: My Commission Expires August 18, 2007 .

PETITIONER: _Charles Johns_
CHARLES JOHNS

| State of Alabama<br>Unified Judicial System<br><br>Form C-80    Rev. 8/2000 | ORDER<br>ON INITIAL APPEARANCE | Case Number<br>DC02-50+51 |
|---|---|---|

IN THE __District__ COURT OF __Coffee__, ALABAMA
(Circuit, District or Municipal)            (Name of County or Municipality)

☒ STATE OF ALABAMA                    Charles Kelvin Mohomed

☐ MUNICIPALITY OF _____  v. __Charle Kelvin Johns__

Defendant

The above-named defendant, charged with the criminal offense(s) of __Kidnap 1st / Carry Concealed Wep__ was duly brought before the Court for initial appearance on __1-16-02__, at __1-30__ o'clock ☒ m., whereupon the Court did the following, as checked in the appropriate blocks:

*(CHECK AS APPLICABLE):*

☐ 1. Name and address of defendant.

  ___ (a)  Ascertained the true name and address of the defendant to be:

  __316 Johns St__

  __Brundidge AL__

  ___ (b)  Amended the formal charges to reflect defendant's true name.

  ___ (c)  Instructed the defendant to notify the Court promptly of any change of address.

☒ 2. Informed the defendant of the charges against him/her and ensured that the defendant was served with a copy of the charges.

☒ 3. Informed the defendant of the right to be represented by counsel, that he/she would be afforded time and opportunity to retain an attorney, and further advised the defendant that, if he/she were indigent and unable to obtain counsel, an attorney would be appointed by the Court to represent him/her. Defendant ☐ requested  ☐ did not request court-appointed counsel. If requested counsel, defendant ☐ was ☐ was not given a copy of the Affidavit of Substantial Hardship to complete in order for indigency to be determined.

☒ 4. Informed the defendant that he/she had the right to remain silent and that anything that he/she said could be use against him/her.

☒ 5. Bail

  ___ (a)  Determined that the defendant shall not be released from custody since charged with a non-bailable capital offense.

  ___ (b)  Determined that the defendant shall be released from custody pending further proceedings, subject to the mandatory conditions prescribed in Rule 7.3(a), A.R.Cr.P., and subject to the following additional conditions:

    ___ 1.)  Execution of an appearance bond (recognizance) in the amount of $ _____

    ___ 2.)  Execution of a secured appearance bond in the amount of $ __252,000__.

    ___ 3.)  Other conditions (specify) __50,000 of which must be cash__

☐ 6. If charged with a felony offense, informed the defendant of right to demand a preliminary hearing under Rule 5.1, A.R.Cr.P., and of the procedure by which that right may be exercised.

☐ 7. If charged with a felony offense a preliminary hearing was demanded with 30 days of date of arrest by the above named defendant, set a preliminary hearing to be held in the District Court of _____ an _____ (date) at _____ o'clock __

  ___ (a)  Notified the District Court that such demand was made.

  ___ (b)  Defendant made no demand for a preliminary hearing at the initial appearance hearing.

☒ 8. Other: __provided affidavit of hardship__

__1-16-02__                              _____
Date                                     Judge/Magistrate

IN THE DISTRICT COURT OF
PIKE COUNTY, ALABAMA

STATE OF ALABAMA,                    *

     Plaintiff,                     *

                           *

vs.                                   *     CASE Nos.  DC 2002-50

                           *        and        DC 2002-51

CHARLES KELVIN MYHAND a/k/a           *

CHARLES KELVIN JOHNS,                 *

                           *

     Defendant.                     *

### ORDER

    Initial appearance hearing was this day held (see separate order). Cases are forwarded to the action of the Grand Jury unless demand for preliminary hearings are made within 30 days from date of Defendant's arrest. The Defendant was provided an Affidavit of Substantial Hardship. Notice shall issue to State and Defendant.

    DONE THIS THE 16th day of January, 2002.

                                    STEVEN E. BLAIR
                                    DISTRICT JUDGE
                                    By Special Assignment





STATE OF ALABAMA
PIKE COUNTY

KNOW ALL MEN BY THESE PRESENTS, That for and in consideration of the sum of Ten Dollars and other valuable considerations to the undersigned grantors, SHERMAN JOHNS, a single man; CHARLES K. JOHNS, a single man; EFFIE J. JOHNSON, a married woman; THOMAS JOHNS, a single man; SCOTTIE JOHNS, a single man; and MALYNN JOHNS, a single woman, in hand paid by MITTIE LEE JOHNS and CHARLES JOHNS, the receipt whereof is hereby acknowledged, the undersigned do hereby grant, quitclaim and convey to the said MITTIE LEE JOHNS and CHARLES JOHNS, their heirs and assigns, all their right, title, interest and claim in and to the following described real estate, situated in Pike County, Alabama, to-wit:

> One house and lot in the City of Brundidge, Alabama, described as follows: Commencing at the intersection of Waussau Place and Johns Street, said point being on the south side of Johns Street and the east side of Waussau Street; thence 195 feet East along Johns Street to a point, being the corner of the Henrietta Johns lot; thence Southeasterly 145 feet and along the Henrietta Johns lot to a point on the boundary of the S. N. Andress property; thence West along the boundary of the S. N. Andress property a distance of 200 feet, more or less, to Waussau Place; thence Northwesterly 155 feet, more or less, to the point of beginning.

> Reference: Deed Book 15, page 405, and Deed Book 153, page 95.

> The above-described property does not constitute the homestead of any of the grantors or their spouses except Charles K. Johns.

> The grantors and grantees constitute all of the heirs at law and next of kin of Thomas K. Johns, who died in 1984.

This conveyance is made subject to the following:

1. All ad valorem taxes which may be due and payable.

2. The preparer of this instrument renders no opinion of the validity of the title, correctness of description, or value of the above described property.

TO HAVE AND TO HOLD the same unto the said MITTIE LEE JOHNS and CHARLES JOHNS, their heirs and assigns, forever.

IN WITNESS WHEREOF, the undersigned have hereunto set their hands and seals on this 4th day of December, 1990.

EXHiBiT (A) -19-
-20-

_Sherman Johns_ _____ L.S.
SHERMAN JOHNS

_Charles K. Johns_ _____ L.S.
CHARLES K. JOHNS

_Effie J. Johnson_ _____ L.S.
EFFIE J. JOHNSON

_Thomas L. Johns_ _____ L.S.
THOMAS JOHNS

_Scottie Johns_ _____ L.S.
SCOTTIE JOHNS

_Mae Lynn Johns_ _____ L.S.
MAELYNN JOHNS

STATE OF _Ala._

COUNTY OF _Pike_

    I, the undersigned Notary Public in and for said County and State, hereby certify that SHERMAN JOHNS, single man, whose name is signed to the foregoing conveyance, and who is known to me, acknowledged before me on this day that, being informed of the contents of the conveyance, he executed the same voluntarily on the day the same bears date.

    Given under my hand, this _4th_ day of _December_,
1990.

_____
Notary Public

STATE OF _Alabama_

COUNTY OF _Pike_

    I, the undersigned Notary Public in and for said County and State, hereby certify that CHARLES K. JOHNS, single man, whose name is signed to the foregoing conveyance, and who is known to me, acknowledged before me on this day that, being informed of the contents of the conveyance, he executed the same voluntarily on the day the same bears date.

    Given under my hand, this _4th_ day of _December_,
1990.

_____
Notary Public

COUNTY OF _Pike_                          )
                                         )

I, the undersigned Notary Public in and for said County and State, hereby certify that EFFIE J. JOHNSON, a married woman, whose name is signed to the foregoing conveyance, and who is known to me, acknowledged before me on this day that, being informed of the contents of the conveyance, she executed the same voluntarily on the day the same bears date.

Given under my hand, this _4th_ day of _December_, 1990.

_Joyce M. Taton_
Notary Public

STATE OF _Alabama_

COUNTY OF _Montgomery_

I, the undersigned Notary Public in and for said County and State, hereby certify that THOMAS JOHNS, a single man, whose name is signed to the foregoing conveyance, and who is known to me, acknowledged before me on this day that, being informed of the contents of the conveyance, he executed the same voluntarily on the day the same bears date.

Given under my hand, this _4th_ day of _December_, 1990.

_Teresa A. Massey_
Notary Public

My commission expires January 18, 1994

STATE OF _Alabama_

COUNTY OF _Montgomery_

I, the undersigned Notary Public in and for said County and State, hereby certify that SCOTTIE JOHNS, a single man, whose name is signed to the foregoing conveyance, and who is known to me, acknowledged before me on this day that, being informed of the contents of the conveyance, he executed the same voluntarily on the day the same bears date.

Given under my hand, this _4th_ day of _December_, 1990.

_Teresa A. Massey_
Notary Public

My commission expires January 18, 1994

STATE OF _Alabama_

COUNTY OF _Montgomery_ Pike

I, the undersigned Notary Public in and for said County and State, hereby certify that MALYNN JOHNS, a single woman, whose name is

Case 2:06-cv-00229-WHA-SRW Document 8-6 Filed 04/21/2006 Page 25 of 44

signed to the foregoing conveyance, and who is known to me, acknowledged before me on this day that, being informed of the contents of the conveyance, she executed the same voluntarily on the day the same bears date.

1990. Given under my hand, this 4 day of *December*,

_____
Notary Public

THIS INSTRUMENT WAS PREPARED BY:
KEITH WATKINS, ATTORNEY
CALHOUN, FAULK, WATKINS, CLOWER & COX
Attorneys at Law
Troy, Alabama 36081

SEND TAX NOTICE TO:

(Name) _____

(Address) _____

B. 15 p. 405    Charlene M

B 153 P 95          $14.00
                     2.00
                   $16.00

ALABAMA JUDICIAL INFORMATION SYSTEM          EXHIBIT C    27

* * * IN THE DISTRICT COURT OF PIKE COUNTY * * *

WARRANT NUMBER: WR 2002 000018.00
AGENCY NUMBER:                                    OTHER CASE NBR:

C O M P L A I N T

BEFORE ME THE UNDERSIGNED JUDGE/CLERK/MAGISTRATE OF THE DISTRICT  COURT OF
PIKE COUNTY, ALABAMA, PERSONALLY APPEARED    PEGGIE SCOTT
WHO  BEING DULY SWORN DEPOSES AND SAYS THAT HE/SHE HAS PROBABLE CAUSE FOR
BELIEVING, AND DOES BELIEVE THAT    CHARLES KELVIN JOHNS         DEFENDANT,
WHOSE NAME IS OTHERWISE UNKNOWN TO THE COMPLAINANT, DID WITHIN THE ABOVE
NAMED COUNTY AND

DID ON OR ABOUT  JANUARY 14, 2002__, ABDUCT __PEGGIE SCOTT,
WITH THE INTENT TO:
     USE HER FOR A SHIELD OR HOSTAGE,                OF THE CODE OF ALABAMA.
IN VIOLATION OF 13A-006-043 OF THE STATE OF ALABAMA.
AGAINST THE PEACE AND DIGNITY OF THE STATE OF ALABAMA.

_Peggie Scott_

COMPLAINANT'S SIGNATURE

SWORN TO AND SUBSCRIBED BEFORE ME THIS THE 15 DAY OF JANUARY, 2002.

_Brenda M Peacock_

JUDGE/CLERK/MAGISTRATE OF DISTRICT  COURT

CHARGES: KIDNAPPING 1ST DEGREE   13A-006-043          F  FELONY

WITNESS FOR THE STATE

PEGGIE SCOTT/

OPERATOR: BRP    DATE: 01/15/2002

W A R R A N T                                    Exhibit C

                                    PIKE COUNTY                          DISTRICT COURT

STATE OF ALABAMA

AGENCY NUMBER:                              WARRANT NUMBER: WR 2002 000013.00
                                           OTHER CASE NBR:

TO ANY LAWFUL OFFICER OF THE STATE OF ALABAMA:

YOU ARE HEREBY COMMANDED TO ARREST   CHARLES KELVIN JOHNS   AND BRING
HIM/HER BEFORE THE DISTRICT COURT OF PIKE COUNTY TO ANSWER THE STATE
ON A CHARGE(S) OF:
                    KIDNAPPING 1ST DEGRE  CLASS: A TYPE: F COUNTS: 001
AND HAVE YOU THEN AND THERE THIS WRIT WITH YOUR RETURN THEREON.

YOU WILL RECEIVE UNTO YOUR CUSTODY AND DETAIN HIM/HER UNTIL THE
_____ DAY OF _____, OR UNTIL LEGALLY DISCHARGED.

DATED THIS 15 DAY OF JANUARY, 2002.

BOND SET AT: (1)    $250,000.00   BOND TYPE:   $50,000.00 of bond must be cash.
             (2)                                Per Judge Steve Blair
             (3)
                                    Arrested  Jan 14, 2002 pursuant to 15-10-3, Code
                                                           Alabama

*Brenda M Peacock*

JUDGE/CLERK/MAGISTRATE OF DISTRICT COURT

----------------------------------------------------------------------
CHARGES: KIDNAPPING 1ST DEGRE  13A-006-043                 F  FELONY
----------------------------------------------------------------------

NAME: CHARLES KELVIN JOHNS              ALIAS:
ADDRESS: 314 JOHNS ST                   ALIAS:
ADDRESS:
CITY: BRUNDIDGE            STATE: AL     ZIP: 36010 0000
                                        PHONE: 000 000 0000 EXT: 000

EMPLOYMENT:
DOB: 07/09/1960   RACE: B   SEX: M   HAIR: BLK
EYE: BRO  HEIGHT: 6'01"  WEIGHT: 225
SID: 000000000  SSN: 417940303

----------------------------------------------------------------------
                    E X E C U T I O N

        EXECUTED THE WITHIN WARRANT BY ARRESTING THE DEFENDANT AND

        ( X )  PLACING DEFENDANT IN THE PIKE COUNTY JAIL

        (   )  RELEASING DEFENDANT ON APPEARANCE BOND


THIS _____14_____ DAY OF ____January____   _2002_

                            SHERIFF

                            BY

----------------------------------------------------------------------

COMPLAINANT:  PEGGIE SCOTT


OPERATOR: BPS      DATE: 01/15/2006

                                                        -24-

35

| STATE OF ALABAMA, | ) | IN THE DISTRICT COURT OF |
|---|---|---|
| PLAINTIFF, | ) | PIKE COUNTY, ALABAMA |
| VS. | ) | CHARGE: KIDNAPPING |
| CHARLES JOHNS, | ) | CASE NUMBER: DC-02-50 |
| DEFENDANT. | ) | |

## MOTION FOR PRELIMINARY HEARING

COMES NOW the Defendant, Charles Johns, by and through his undersigned counsel, and moves this Honorable Court to set this case for preliminary hearing on the next available calendar, at which time the Defendant demands that the State disclose the following:

1.    The name and addresses of all witnesses against the Defendant;

2.    The names and addresses of all witnesses known to the State having information exculpatory to the Defendant;

3.    Copies of all written statements taken in the course of the investigation of said case by the State or any officer or agent acting in its behalf;

4.    The substance of any and all oral statements made to the State, its officers, or agents in the course of the prosecution of this case; and,

5.    The production of any and all other objects or things in the possession of the State or known or obtainable by it, its officers or agents, which would be exculpatory of the defendant or upon which the State intends to rely in the prosecution of this case.

36

Respectfully submitted,

BRANTLEY & PARKER, L.L.C.

THOMAS K. BRANTLEY (BRA040)
ATTORNEY AT DEFENDENT
401 NORTH FOSTER STREET
DOTHAN, ALABAMA 36303
(334) 793-9009



JAN 2002
FILED
Brenda Meadows Peacock
Court Clerk
Pike Co., Ala.

-20-

37

## CERTIFICATE OF SERVICE

I hereby certify that I have served a copy of the above and foregoing Motion upon Honorable Mark Fuller, District Attorney by placing a true and correct copy of same in the United States Mail P.O. Box 948, Troy, Alabama properly addressed and postage prepaid by placing a copy of same in, on this the 23 day of January , 2002.

OF COUNSEL



JAN 2002
FILED
Brenda Meadows Peacock
Court Clerk
Pike Co., Ala.

41

IN THE DISTRICT COURT OF
PIKE COUNTY, ALABAMA

STATE OF ALABAMA,                    *
                                     *
        Plaintiff,                   *
                                     *
vs.                                  *        CASE NO.  DC 2002-50
                                     *          and      DC 2002-51
CHARLES JOHNS,                       *
                                     *
        Defendant.                   *

**ORDER**

Upon demand made, cases are hereby scheduled for preliminary
hearings and bond reduction hearing on the 22nd day of February,
2002, at 3:00 o'clock p.m., in the Pike County Courthouse, Troy,
Alabama.  Notice shall issue to State and Hon. Thomas K. Brantley.

DONE THIS THE 4th day of February, 2002.

_____
STEVEN E. BLAIR
DISTRICT JUDGE
By Special Assignment



FEB 2002
FILED
Brenda Meadows Peacock
Court Clerk
Pike Co., Ala.

DA
Atty. Brantley

~27~

42

IN THE DISTRICT COURT OF
PIKE COUNTY, ALABAMA

STATE OF ALABAMA,                    *
                                     *
        Plaintiff,                   *
                                     *
                                     *
vs.                                  *        CASE NO.   DC 2002-50
                                     *          and      DC 2002-51
CHARLES JOHNS,                       *
                                     *
        Defendant.                   *

## ORDER

By agreement, cases are hereby continued and rescheduled for
preliminary hearings and bond reduction hearing on the 22nd day of
March, 2002, at 3:00 o'clock p.m., in the Pike County Courthouse,
Troy, Alabama.   Notice shall issue to State and Hon. Thomas K.
Brantley.

DONE THIS THE 22nd day of February, 2002.

_____
STEVEN E. BLAIR
DISTRICT JUDGE
By Special Assignment



Brantley

~29~

*49*

## INDICTMENT

# THE STATE OF ALABAMA
### PIKE COUNTY

IN CIRCUIT COURT
MARCH TERM, 2002

**The Grand Jury of said County charges that before the finding of this indictment that,**

CHARLES KELVIN JOHNS, ALIAS, CHARLES MYHAND, whose name is to the Grand Jury otherwise unknown, did abduct another person, to-wit: Peggy Scott, with the intent to use her as a shield or a hostage, in violation of Section 13A-6-43 of the Code of Alabama, Against the Peace and Dignity of the State of Alabama; and,

### OFFENSE 2

The Grand Jury of said county charges that before the finding of this indictment that, CHARLES KELVIN JOHNS, ALIAS CHARLES MYHAND, whose name is otherwise unknown to the Grand Jury, did carry concealed about his person a, to-wit: .32 cal. revolver, in violation of Section 13A-11-50 of the Code of Alabama,

Against the Peace and Dignity of the State of Alabama.

_Mark E. Fuller_ District Attorney for the
Twelfth Judicial Circuit

GRAND JURY NO. 02-013,014

A TRUE BILL

_(signature)_

GRAND JURY FOREPERSON

Presented in open Court by the
Foreperson of the Grand Jury in the
presence of at least twelve other
members of the Grand Jury

A

Brenda M. Peacock, Clerk of the
Circuit Court of Pike County, Twelfth
Judicial Circuit of Alabama.
Filed this the _____ day of
_____ 2002

Bail in each offense in this indictment is
fixed at $ _bil - 250,000, 150,000_ for a total bail
for this indictment of $ _253,000.00_

[    ] Continuing bond

_(signature)_

Judge Presiding

---

THE STATE OF ALABAMA
PIKE COUNTY

CIRCUIT COURT

MARCH        TERM, 2002

THE STATE

vs.

CHARLES KELVIN JOHNS

ALIAS

CHARLES MYHAND

---

OFFENSE(S)

KIDNAPPING, FIRST DEGREE

OFFENSE 2

CARRYING A CONCEALED WEAPON

---

INDICTMENT

1          But I'm hopeful that by five we may have a

2    jury or be close to having a jury and have an

3    announcement. Maybe we can sort of end our work day

4    there.

5          Before you break up, however, what I would

6    like to do is announce Judge Blair's jury. And those

7    twelve will be able to go because, as you recall, my

8    jurors from my first case, Judge Barr's from his case

9    are eligible to serve in this case. But those twelve

10   on this jury will not.

11         So your instructions will be you can leave

12   and come back Wednesday morning at nine o'clock, Judge

13   Blair's. That's Brown. Okay. And if you'll stand

14   when your name is called.

15         (The clerk announces Judge Blair's jury.)

16         THE COURT: Okay. Are my instructions clear

17   enough that you twelve can go and come back Wednesday

18   morning at nine? Okay. You are excused.

19         The rest of you, if you will come back at

20   five o'clock.

21         (Jury venire not present.)

22         MR. MCALILEY: Your Honor, first of all, I'd

23   like the record to reflect we're out of the hearing

24   and presence of the jury venire. It's been brought to

25   the district attorney's attention that the defendant

1  Mr. Charles Kelvin Johns may intend to offer testimony

2  evidence that pertains to the defendant Mr. Johns'

3  belief that Circuit Judge Bill Barr or his family --

4  Judge Barr's family and/or that Judge Don Dickert --

5  Judge Dickert, I believe, is the city judge of

6  Brundidge, Alabama; that he, in other words, Judge Don

7  Dickert or his family, are in some way responsible for

8  taking land from either the defendant Mr. Johns or the

9  defendant Mr. Johns' family.

10          The prosecution, again, has information that

11  would tend to show that Mr. Johns wishes to present

12  this evidence.  It would be irrelevant.  It would be

13  immaterial.  The issues before this Court are very,

14  very simple; very concise.

15          They are, number one, whether the defendant

16  Charles Kelvin Johns abducted a person by the name of

17  Peggie Scott; and if so, whether he, Mr. Johns, at the

18  time intended to use Peggie Scott as a shield or a

19  hostage; and, number three, if he did those other two

20  things, whether he did so by using or threatening the

21  use of a deadly physical force.

22          Whether or not Judge Bill Barr or his family

23  and whether or not Judge Don Dickert or his family

24  were in some way responsible for taking land from the

25  defendant or the defendant's family is in no way

69

1   relevant.  It's in no way material.  And we ask that

2   the Court grant the State's motion in limine and

3   preclude this defendant from raising that either of

4   these families did these things.

5            MR. BRANTLEY:  Judge, I've explained to

6   Charles over the months that allegations about these

7   individuals, Bill Barr and Don Dickert and Jimmy

8   Ramage, I think was one of them, that that's a

9   different forum for a different day.  And, you know,

10  motion in limine here, of course, me being a defense

11  attorney, I object to anything and everything.

12           But I have explained to Charles actually

13  that it was my belief that allegations going into the

14  background of, you know, why he came here, especially

15  since our motion for our psychological studies came

16  back not in our favor left us pretty much unable to

17  proceed with a not guilty by reason of mental disease

18  plea.

19           But at any rate, I think I need to stop

20  short of not objecting or concurring, but just if the

21  Court will take note that I have discussed these

22  subjects with Mr. Charles Johns.  And if the Court

23  would permit, I'd like for Charles to respond to that

24  now, have I not discussed it with him, and --

25           THE DEFENDANT:  Yes.

DIXIE C. BOUTWELL
OFFICIAL COURT REPORTER

15. Give the name and address, known, of each attorney who repres led you at the following stages of the case that resulted in the judgment under attack:

   (a) At preliminary hearing  No PRELIMINARY HEARING WAS HELD.

   (b) At arraignment and plea  Thomas K. Brantley, 401 N. Foster St., Dothan, ALa 36303.

   (c) At trial  Same as Above.

   (d) At sentencing  Same.

   (e) On appeal  Same as First but withdrew after filing brief. Charles Kelvin Johns, 2500 Zelda Road, Suite 100-9, Montgomery, ALa 36106.

   (f) In any post-conviction proceeding  Petitioner in proceeding pro se.

   (g) On appeal from adverse ruling in a post-conviction proceeding  N/A

16. Were you sentenced on more than one count of an indictment, or on more than one indictment, in the same court and at the same time?

   Yes ✳          No ____

17. Do you have any future sentence to serve after you complete the sentence imposed by the judgment under attack?

   Yes ____          No ✳

   (a) If so, give name and location of court which imposed sentence to be served in the future: ____

   (b) And give date and length of sentence to be served in the future: ____

   (c) Have you filed, or do you contemplate filing, any petition attacking the judgment which imposed the sentence to be served in the future? N/A

   Yes ____          No ____

18. What date is this petition being mailed?

   Wherefore, petitioner prays that the court grant petitioner relief to which he may be entitled in this proceeding.

# PETITIONER'S VERIFICATION UNDER OATH
# SUBJECT TO PENALTY FOR PERJURY

I swear (or affirm) under penalty of perjury that the foregoing is true and correct.

Executed on _May 14, 2005_
(Date)

_Charles Johns_
Signature of Petitioner VENTRESS CORRECTIONAL FAC
P. O. BOX 767
CLAYTON, AL 36016

SWORN TO AND SUBSCRIBED before me this the _14th_ day of _May_ , _____

_Carolyn R. Abercrombie_
Notary Public

My Commission Expires August 18, 2007

## OR *

## ATTORNEY'S VERIFICATION UNDER OATH
## SUBJECT TO PENALTY FOR PERJURY

I Swear (or affirm) under penalty of perjury that, upon information and belief, the foregoing is true

and correct. Executed on _____
(Date)

_____
Signature of Petitioner's Attorney

SWORN TO AND SUBSCRIBED before me this the _____ day of _____, ____

_____
Notary Public

Name and address of attorney representing petitioner
in this proceeding (if any)

_____

_____

_____

_____

\* If petitioner is represented by counsel, Rule 32.6(a) permits either petitioner or counsel to verify the petition

QC 02-96-97
ID    YR    NUMBER
(To be completed
by Court Clerk)

# IN FORMA PAUPERIS DECLARATION

ELEVENTH CIRCHET IN AND FOR PIKE COUNTY ALABAMA
[Insert appropriate court]

CHARLES M. JOHNS 154434
(Petitioner)

vs.

STATE OF ALABAMA
(Respondent(s)

### DECLARATION IN SUPPORT OF REQUEST TO PROCEED
### IN FORMA PAUPERIS

I, _____CHARLES K. JOHNS_____, declare that I am the petitioner in the above entitled case; that in support of my motion to proceed without being required to prepay fees, costs, or give security therefor, I state that because of my poverty I am unable to pay the costs of said proceeding or to give security therefor; that I believe I am entitled to relief.

1. Are you presently employed?    Yes _____    No _X_

   a. If the answer is "yes", state the amount of your salary or wages per month, and give the name and address of your employer.

   _____∅_____

   _____

   b. If the answer is "no", state the date of last employment and the amount of the salary and wages per month which you received.

   ____2002____6,000 PER MONTH_____

   _____

2. Have you received within the past twelve months any money from any of the following sources?

   a. Business, profession, or other form of self-employment?

   Yes _____          No _∅_

   b. Rent payments, interest, or dividends?

   Yes _____          No _∅_

   c. Pensions, annuities, or life insurance payments?

   Yes _____          No _∅_

   d. Gifts or inheritances?

   Yes _____          No _∅_

   e. Any other sources?

   Yes _____          No _∅_

If the answer to any of the above is "yes", describe each source of money and state the amount received from each during the past twelve months.

3. Do you own cash, or do you have money in a checking or savings account?

   Yes _____        No _Ø_

   (Include any funds in prison accounts.)

   If the answer is "yes", state the total value of the items owned.

4. Do you own any real estate, stocks, bonds, notes, automobiles, or other valuable property (excluding ordinary household furnishings and clothing)?

   Yes _Ø_        No _____

   If the answer is "yes", describe the property and state its approximate value.

   HOUSE IN WHICH MY WIFE LIVES

5. List the persons who are dependent upon you for support, state your relationship to those persons, and indicate how much you contribute toward their support.

   WIFE + THREE CHILDREN — CANT SUPPORT THEM I'M IN PRISON

   I declare (or certify, verify, or state) under penalty of perjury that the foregoing is true and correct.

   Executed on _MAY 14, 2005_
                  (Date)

                                            _Charles K Johns 154434_
                                              Signature of Petitioner

## CERTIFICATE

I hereby certify that the petitioner herein has the sum of $ _10.60_ on account to his credit at the institution where he is confined. I further certify that petitioner likewise has the foregoing securities to his credit according to the records of said _Ventress_ institution:

_Computed monthly balance sheet_

_3/23/05_        VENTRESS CORRECTIONAL FACILITY
  DATE           P. O. BOX 767
                 CLAYTON, AL 36016

                                            AUTHORIZED OFFICER OF INSTITUTION

STATE OF ALABAMA
DEPARTMENT OF CORRECTIONS
VENTRESS CORR FAC

AIS #: 154434        NAME: JOHNS, CHARLES KELVIN            AS OF: 05/23/2005

| MONTH | # OF DAYS | AVG DAILY BALANCE | MONTHLY DEPOSITS |
|-------|-----------|-------------------|------------------|
| MAY | 8 | $5.83 | $0.00 |
| JUN | 30 | $30.31 | $65.00 |
| JUL | 31 | $47.68 | $190.00 |
| AUG | 31 | $86.15 | $20.00 |
| SEP | 30 | $30.21 | $60.00 |
| OCT | 31 | $18.54 | $15.00 |
| NOV | 30 | $8.85 | $50.00 |
| DEC | 31 | $36.55 | $65.00 |
| JAN | 31 | $12.60 | $70.00 |
| FEB | 28 | $19.39 | $52.00 |
| MAR | 31 | $29.12 | $62.00 |
| APR | 30 | $30.84 | $58.00 |
| MAY | 23 | $11.78 | $32.00 |

State of Alabama
Unified Judicial System

Form C-10
Page 1 of 2     Rev. 2/95

## AFFIDAVIT OF SUBSTANTIAL HARDSHIP AND ORDER

Case Number
CC02-96-97

IN THE __ELEVENTH CIRCUIT__ COURT OF __PIKE COUNTY__, ALABAMA
(Circuit, District, or Municipal)   (Name of County or Municipality)

STYLE OF CASE: __CHARLES K. JOHNS #154434__ v. __STATE OF ALABAMA__
Plaintiff(s)                                Defendant(s)

TYPE OF PROCEEDING: __CRIMINAL__ CHARGE(s) (if applicable): _____

☐ CIVIL CASE– I, because of substantial hardship, am unable to pay the docket fee and service fees in this case. I request that payment of these fees be waived initially and taxed as costs at the conclusion of the case.

☐ CIVIL CASE– (such as paternity, support, termination of parental rights, dependency) - I am financially unable to hire an attorney and I request that the court appoint one for me.

☒ CRIMINAL CASE– I am financially unable to hire an attorney and request that the court appoint one for me.

☐ DELINQUENCY/NEED OF SUPERVISION– I am financially unable to hire an attorney and request that the court appoint one for my child/me.

### AFFIDAVIT

SECTION I.

1. IDENTIFICATION
Full name __CHARLES K. JOHNS 154434__ Date of birth __7/29/60__
Spouse's full name (if married) __CHARLENE d. JOHNS__
Complete home address __316 JOHNS STREET  BRUNDIDGE, ALABAMA 36010__

Number of people living in household __THREE__
Home telephone number __334-735-2269__
Occupation/Job __∅__ Length of employment __∅__
Driver's license number __4713652__ *Social Security Number __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__
Employer __∅__ Employer's telephone number __∅__
Employer's address __∅__

2. ASSISTANCE BENEFITS

Do you or anyone residing in your household receive benefits from any of the following sources? (If so, please check those which apply.)

☐ AFDC   ☒ Food Stamps   ☐ SSI   ☐ Medicaid   ☐ Other _____

3. INCOME/EXPENSE STATEMENT

Monthly Gross Income:
  Monthly Gross Income                                                           $ ____∅____
  Spouse's Monthly Gross Income (unless a marital offense)                      _____
  Other Earnings: Commissions, Bonuses, Interest Income, etc.                   _____
  Contributions from Other People Living in Household                           _____
  Unemployment/Workmen's Compensation,
    Social Security, Retirements, etc.                                          _____
  Other Income (be specific) _____                                           _____

  TOTAL MONTHLY GROSS INCOME                                                    $ ____∅____

Monthly Expenses:
  A.  Living Expenses
      Rent/Mortgage                                                             $ ____∅____
      Total Utilities: Gas, Electricity, Water, etc.                            _____
      Food                                                                      _____
      Clothing                                                                  _____
      Health Care/Medical                                                       _____
      Insurance                                                                 _____
      Car Payment(s)/Transportation Expenses                                    _____
      Loan Payment(s)                                                           _____

*OPTIONAL

Form C-10 Page 2 of 2   Rev. 2/95

## AFFIDAVIT OF SUBSTANTIAL HARDSHIP AND ORDER

Monthly Expenses: (cont'd page 1)
- Credit Card Payment(s)    0
- Educational/Employment Expenses    0
- Other Expenses (be specific) _____    0

Sub-Total      A $ _____

B. Child Support Payment(s)/Alimony    $ 310 Mo.

Sub-Total      B $ 310

C. Exceptional Expenses    $ _____

TOTAL MONTHLY EXPENSES (add subtotals from A & B monthly only)   $ 310

Total Gross Monthly Income Less total monthly expenses:

### DISPOSABLE MONTHLY INCOME    $ 0

**4. LIQUID ASSETS:**
- Cash on Hand/Bank (or otherwise available such as stocks, bonds, certificates of deposit)    $ 0
- Equity in Real Estate (value of property less what you owe)    0
- Equity in Personal Property, etc. (such as the value of motor vehicles, stereo, VCR, furnishing, jewelry, tools, guns, less what you owe)    0
- Other (be specific)
- Do you own anything else of value? ☐ Yes ☒ No (land, house, boat, TV, stereo, jewelry)    0
- If so, describe _____ 0

### TOTAL LIQUID ASSETS    $ 0

**5. Affidavit/Request**

I swear or affirm that the answers are true and reflect my current financial status. I understand that a false statement or answer to any question in the affidavit may subject me to the penalties of perjury. I authorize the court or its authorized representative to obtain records of information pertaining to my financial status from any source in order to verify information provided by me. I further understand and acknowledge that, if the court appoints an attorney to represent me, the court may require me to pay all or part of the fees and expenses of my court-appointed counsel.

Sworn to and subscribed before me this

14TH day of MAY , 2005 .

_Charles K Johns #154424_
Affiant's Signature

CHARLES K. JOHNS
Print or Type Name

_____
Judge/Clerk/Notary

### ORDER OF COURT

**SECTION II.**

IT IS THEREFORE, ORDERED, AND ADJUDGED BY THE COURT AS FOLLOWS:

☐ Affiant is not indigent and request is DENIED.

☐ Affiant is partially indigent and able to contribute monetarily toward his/her defense; therefore defendant is ordered to pay $ _____ toward the anticipated cost of appointed counsel. Said amount is to be paid to the clerk of court or as otherwise ordered and disbursed as follows: _____

☒ Affiant is indigent and request is GRANTED.

☒ The prepayment of docket fees is waived.

IT IS FURTHER ORDERED AND ADJUDGED that _____, is hereby appointed as counsel to represent affiant.

IT IS FURTHER ORDERED AND ADJUDGED that the court reserves the right and may order reimbursement of attorney's fees and expenses, approved by the court and paid to the appointed counsel, and costs of court.

Done this _____ day of _May_ , 2005

_Thomas E. Head_
Judge