IN THE DISTRICT COURT OF THE UNITED STATES
FOR THE MIDDLE DISTRICT OF ALABAMA
NORTHERN DIVISION

| | |
|---|---|
| CHARLES KELVIN JOHNS, #154434, | ) |
| | ) |
| Petitioner, | ) |
| | ) |
| v. | ) CIVIL ACTION NO. 2:06-CV-229-WHA |
| | ) |
| J. C. GILES, et al., | ) |
| | ) |
| Respondents. | ) |

**ORDER**

Upon review of the answer filed by the respondents, and as this answer fails to adequately address each of the claims presented by the petitioner, it is

ORDERED that on or before May 1, 2006 the respondents shall file a supplemental answer which:

1. Addresses the petitioner's assertions that the trial court admitted his statement "in violation of the Constitution of the United States" because (i) petitioner never made any statement, (ii) law enforcement officials elicited the statement prior to advising petitioner of his right to an attorney or right to remain silent,[1] (iii) the prosecution failed to disclose to the defense before trial that petitioner had made any type of statement,[2] and (iv) the trial court failed to instruct the jury that the statement could only be used to determined

---

[1] 1. It is clear that the petitioner is alleging a violation of his rights as established under *Miranda v. Arizona*, 384 U.S. 436 (1966).

[2] 2. In liberally construing this claim as this court must do, the petitioner alleges a violation of the standard set forth in *Brady v. Maryland*, 373 U.S. 83, 87 (1963), in which the Supreme Court held that "the suppression of evidence favorable to the accused upon request violates due process where the evidence is material either to guilt or punishment."

petitioner's credibility and not his guilt or intent. In filing their response to this directive, the respondents shall advise whether the petitioner has properly presented these claims to the state courts and, if not, the effect the failure to do so has on this cause of action. Specifically, the respondents shall advise whether this court is barred from reviewing these claims due to the petitioner's failure to properly present the claims to the state courts. *March 28, 2006 Order - Court Doc. No. 3* at 5.

    2. Contains as an exhibit the petitioner's application for writ of certiorari to the Alabama Supreme Court on direct appeal.

    DONE, this 24th day of April, 2006.

                                        /s/ Susan Russ Walker
                                        SUSAN RUSS WALKER
                                        UNITED STATES MAGISTRATE JUDGE