THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
NORTHERN DIVISION

| | | |
|---|---|---|
| CHARLES KELVIN JOHNS,<br>AIS #154434, | ) | |
| | ) | |
| | ) | |
| Petitioner, | ) | |
| | ) | C.V. NO. 2.06-CV-229-WHA |
| vs. | ) | |
| | ) | |
| WARDEN KENNETH JONES, and | ) | |
| THE ATTORNEY GENERAL FOR | ) | |
| THE STATE OF ALABAMA, | ) | |
| | ) | |
| Respondents. | ) | |

**SUPPLEMENTAL ANSWER IN REPSONSE TO COURT'S ORDER
DATED APRIL 24, 2006**

**GENERAL RESPONSE**

Come the Respondents in the above-styled cause, by and through the

Attorney General of the State of Alabama, and, in response to this

Honorable Court's Order dated April 24, 2006, state the following:

1. Without waiving any possible other defenses (e.g. time bar,

unmeritorious, or unsupported claims), Respondents assert that the instant

petition is due to be dismissed because the claims therein have either been

procedurally defaulted, or are state law claims inappropriate for federal

review, or are due to fail as unsupported by allegations and proof of conflict with relevant United States Supreme Court precedent.

2. Respondents deny that Charles Kelvin Johns ("Johns") is innocent, that the State of Alabama has violated any of Johns's federal or state constitutional rights, and deny each and every ground that Johns asserts for relief and demand strict proof thereof.

3. Respondents admit that Johns is currently in the custody of the State of Alabama pursuant to his conviction and sentence for second degree kidnapping and carrying a concealed weapon. According to the State's most recent records, Johns is currently housed in the Ventress Correctional Facility at Dorm #11, P.O. Box 767, Clayton, Alabama 36016.

## PROCEDURAL HISTORY

### Trial and Direct Appeal

4. On March 13, 2003, a Pike County Circuit Court jury convicted Johns of second degree kidnapping and carrying a concealed weapon. (Exhibit A at C. 95, 161) On March 13, 2003, the trial court sentenced Johns to serve a life prison term on his second-degree kidnapping conviction and a six-month prison term on his carrying a concealed weapon conviction. (See e.g., Exhibit A at C. 102-104, 163-165.)

5. Johns filed a direct appeal of his conviction, and, on January 23, 2004, the Alabama Court of Criminal Appeals affirmed it. (See Exhibit B.) Johns then filed a petition for state Supreme Court certiorari review; the Alabama Supreme Court denied his petition, and, on May 14, 2004, the Alabama Court of Criminal Appeals entered the related certificate of judgment. (Exhibit C) On direct appeal, Johns raised only one issue: The trial court somehow improperly admitted the following spontaneous declaration he made shortly after his arrest for a kidnapping that transpired at the county courthouse: ". . . hell, no, I came to kill somebody today." (See Exhibit A at R. 398.) He asserted this claim despite his failure to file a pre-trial request for disclosure of any <u>oral</u> statements he made regarding the crime. (See Exhibit E at pages 10-11 for an explanation of why this circumstance is important under the applicable Alabama Rule of Criminal Procedure.)

6. In his state court certiorari petition, he apparently raised only this same single issue. [NOTE: Johns's attached state court certiorari petition is partially illegible, thus, the State cannot definitively determine whether Johns raised additional issues in that petition, but this is the petition Johns submitted, and, although, the Respondents have a duty to gather and submit exhibits, they have no duty to draft petitions for Petitioners, nor to insure

that Petitioners submit them in a legible manner.  Nonetheless, even if Johns

had raised additional issues in his state certiorari petition, he raised <u>only</u> the

above-described evidentiary admission issue in the Alabama Court of

Criminal Appeals, and hence, under Alabama's procedural rules – such as

Rules 39 and 40, A. R. App. R., he was procedurally barred from raising any

additional issues in the Supreme Court of Alabama, which did not rule on

the merits of any of his issues. (See Exhibit D.)  More importantly,

precedent such as <u>Collier v. Jones</u>, 910 F. 2d 770, 773 (11th Cir. 1990) and

<u>O'Sullivan v. Boerckel</u>, 526 U.S. 838, 845 (1999) would bar him from

raising any such additional claims in federal court because he necessarily

failed to raise any such claims *throughout* the state court appellate system.]

      7. In any case, the Alabama Court of Criminal Appeals rejected his

only claim as unsupported. (Exhibit B at pages 2-4)

### Johns's Rule 32 Post-Conviction Petition

      8. No earlier than May 14, 2005 (Exhibit F at C. 19), Johns filed a

Rule 32 post-conviction petition in Pike County Circuit Court, alleging

various claims. (Exhibit F at C. 5-19)  On December 15, 2005, the trial

court summarily dismissed Johns's Rule 32 petition. (Exhibit F at C. 4)

Johns admittedly failed to appeal the trial court's summary dismissal order.

(See Johns's Section 2254 petition at page 4.)

4

## The Instant Federal Habeas Petition

9. On March 10, 2006, Johns filed the instant federal habeas petition, wherein he asserts the same evidentiary admission claim he presented on direct appeal, plus various other vague and unspecific claims – including those listed in this Court's April 24, 2006 order ("Johns's residual claims"), none of which, if indeed sufficiently made in the instant petition, were presented throughout the Alabama appellate court system as required by, again, cases such as Collier v. Jones, 910 F. 2d 770, 773 (11th Cir. 1990) and O'Sullivan v. Boerckel, 526 U.S. 838, 845 (1999).

## APPLICATION OF THE TITLE 28 U.S.C. §2244(d) LIMITATION PERIOD

10. According to the Respondents' calculations, because of the 90-day period available to Johns for filing a United Supreme Court petition for writ of certiorari, Johns's Section 2254 petition was timely filed. Without the benefit of this 90-day time period, or if this time period, for some reason, does not apply, Johns's Section 2254 petition would be untimely filed.

## EXHAUSTION AND PROCEDURAL DEFAULT

11. Johns's residual claims have not been exhausted because they were never presented to either the Alabama Court of Criminal Appeals and/or apparently the Supreme Court of Alabama, as required by Collier v.

Jones, 910 F. 2d 770, 773 (11th Cir. 1990) (effectively ruling that claims must be presented to a state's court of criminal appeals to be considered exhausted) and O'Sullivan v. Boerckel, 526 U.S. 838, 845 (1999) (Claims must be fairly presented to a state supreme court in a petition for discretionary review to satisfy the exhaustion requirement, when discretionary review is part of the state's ordinary appellate review procedure.). Another specifically relevant case is Pruitt v. Jones, 348 F. 3d 1355, 1358 (11th Cir. 2003) (O'Sullivan's holding is equally applicable to a habeas petitioner who fails to seek Alabama Supreme Court review of a Rule 32 petition denial.).

12. As set out in the Procedural History section of this Answer, Johns failed to pursue any of his various residual claims in either the Alabama Court of Criminal Appeals on direct appeal or in any Alabama appellate court as part of his Rule 32 petition. Therefore, concerning these claims, Johns has also failed to comply with the exhaustion requirement of Title 28 U.S.C. Section 2254, which provides:

> An application for a writ of habeas corpus in behalf of a person in custody pursuant to the judgment of a state court shall not be granted unless it appears that the appellant has exhausted the remedies available in the courts of the states, or that there is either an absence of available state corrective process or the existence of circumstances rendering such process ineffective to protect the rights of the prisoner.

28 U.S.C. §2254(b).  According to the United States Supreme Court:

> [the] exhaustion doctrine seeks to afford the state courts a meaningful opportunity to consider allegations of legal error without interference from the federal judiciary.... Under standards established by [the Supreme] Court, a state prisoner may initiate a federal habeas petition [o]nly if the state courts have had the first opportunity to hear the claim sought to be vindicated.... It follows, of course, that once the federal claim has been fairly presented to the state courts, the exhaustion requirement is satisfied.

Vasquez v. Hillery, 474 U.S. 254, 257 (1986).  Again, his residual claims are unexhausted.

13.  Further, Johns can no longer raise these residual claims in State court because the applicable direct appeal and Rule 32 limitation periods have long expired.  Therefore, Johns has procedurally defaulted his right to here pursue his residual claims because a habeas corpus petitioner who fails to raise his claims properly in state court, and can no longer do so, is procedurally barred from pursuing the same claims in federal court. Wainwright v. Sykes, 433 U.S. 72, 87, 97 S. Ct. 2497, 2506, 53 L. Ed. 2d 594 (1997).

14.  A habeas petitioner can escape the procedural default doctrine only by showing cause for the default and prejudice therefrom, Murray v. Carrier, 477 U.S. 478, 488, 106 S. Ct. 2639, 91 L. Ed. 2d 397(1986), or establishing a "fundamental miscarriage of justice."  Schlup v. Delo, 513

U.S. 298, 324-27, 115 S. Ct. 851, 865-67, 130 L. Ed. 2d 808 (1995). The latter requires a showing of actual innocence. Id. To establish "cause" for a state procedural default, a Section 2254 petitioner must show "that some factor external to the defense impeded counsel's efforts to comply with the State's procedural rule." Murray v. Carrier, 477 U.S. at 488, 106 S. Ct. at 2645. Johns has shown none of these factors.

## JOHNS'S EVIDENTIARY ADMISSION CLAIM IS NOT A BRADY CLAIM, AND IF IT WERE, IT IS PROCEDURALLY DEFAULTED.

15. Respondents re-assert their claim that Johns's evidentiary admission claim, wherein he challenges the propriety of the trial court's admission of his crime-day statement of intent to kill under Alabama's pre-trial discovery rules, is not a federal claim, but is instead a state law claim. Although this Court's April 24, 2006 order, at page 1 and footnote 2, suggests that it is actually a "Brady" claim, this Court's own footnote repeats the long-held understanding that a "Brady" claim involves "evidence favorable to the accused". See this Court's April 24, 2006 order citing Brady v. Maryland, 373 U.S. 83, 87 (1963). There is nothing even arguably favorable about an accused's statement of his intent to kill. Such a statement clearly constitutes inculpatory evidence, not the exculpatory proof contemplated by Brady. This likely explains why Johns never presented this claim as a Brady claim in state appellate court, instead explicitly stating at

8

page 25 of his Court of Criminal Appeal's brief (Exhibit G): "The defense does not make an argument under Brady v. Maryland . . .".   Instead, he then merely complained that the prosecution had violated a pre-trial discovery motion, which it, of course, did not, because Johns never made what would be a rather meaningless request to disclose his own **oral** statements. Incidentally, Johns was well aware of any oral statements he had made, so disclosure of the statement would have yielded him no benefit.

16. Furthermore, this claim is not even now presented by Johns as a federal claim: He continues to present it as a state evidentiary or procedural law violation, and even if he now did present it as a Brady claim, it would be procedurally defaulted because it was never presented as a Brady claim in state appellate court. [See Johns's Section 2254 petition at pages 6-9 where Johns fails to support this claim with any particular Constitutional provisions or any federal statutes or authority, be it Brady-related or otherwise. Incidentally, the Eleventh Circuit holds a general negative view of claims unsupported by relevant legal precedent. Davis v. State, 545 F. 2d 460, 466 (11th Cir. 1977); Ford v. Strickland, 734 F. 2d 538, 540, fn. 1 (11th Cir. 1984).]

17. In addition, state law evidentiary rulings are generally not subject to federal review, and are reviewed only if the state's "evidentiary ruling

must have deprived the habeas petitioner of fundamental unfairness." <u>Stano</u> <u>v. Dugger</u>, 773 F. 2d 900, 908 (11th Cir. 1989); <u>See also, Tejada v. Dugger</u>, 941 F.2d 1551, 1560 (11th Cir. 1991). Johns's arguments barely even constitute an attempt to make this required showing; and, instead, given that his own perjury "opened the door" to admission of the statement (See Exhibit E at page 14.), such admission was well within the theoretical confines of "fairness".

18. This state evidentiary law challenge is instead clearly governed by Rule 16.1, A. R. Cr. P. and/or Rule 45, A. R. App. P., the application of both of which is set out in Exhibits B and E. Hence, this claim must fail, not only because it is not a federal claim (and thus presents no possible conflict with United States Supreme Court authority), but also because it is completely baseless, even under state law.

# CONCLUSION

Again, because all claims asserted in Johns's Title 28 U.S.C. Section 2254 petition are procedurally defaulted or constitute state law claims not cognizable under federal law or are completely unsupported by allegations and proof of conflict with United States Supreme Court authority, his petition is due to be dismissed with prejudice.

Respectfully submitted,


Troy King (KIN047)
*Attorney General*
By:


/s/Hense R. Ellis II
Deputy Attorney General
IDELLI9296

11

## EXHIBITS

### (A-G previously submitted, Exhibit H to follow on May 16, 2006)

| | |
|---|---|
| Exhibit A | Pike County Circuit Court Clerk's record of Johns's conviction; |
| Exhibit B | Alabama Court of Criminal Appeals affirmance of Johns's conviction; |
| Exhibit C | Certificate of Judgment regarding Johns's direct appeal; |
| Exhibit D | Supreme Court of Alabama's Certiorari Petition Denial regarding Johns's direct appeal; |
| Exhibit E | State of Alabama's brief on direct appeal; |
| Exhibit F | Pike County Circuit Court Clerk's record of Johns's Rule 32 petition proceedings; |
| Exhibit G | Johns's brief on direct appeal; |
| Exhibit H | Johns's petition for writ of certiorari to the Supreme Court of Alabama on direct appeal. |

## CERTIFICATE OF SERVICE

I hereby certify that on this 15th day of May, 2006, I electronically

filed the foregoing document (excluding Exhibit H), with the Clerk of the

Court using the CM/ECF system, and I hereby certify that I have mailed by

United States Postal Service the document to the following non-CM/ECF

participant:

> Charles Kelvin Johns
> AIS #154434; Dorm #11
> Ventress Correctional Facility
> P.O. Box 767
> Clayton, AL 36016

> s/Hense R. Ellis II
> Hense R. Ellis II (ELLI9296)
> Office of the Attorney General
> Alabama State House
> 11 South Union Street
> Montgomery, AL  36130-0152
> Telephone:  (334) 242-7300
> Fax:  (334) 242-2848
> E-Mail:  hrellis@peoplepc.com

ADDRESS OF COUNSEL:

Office of the Attorney General
Criminal Appeals Division
Alabama State House
11 South Union Street
Montgomery, AL  36130
 (334) 242-7300
131319/JOHNS, CHARLES KELVIN