EXHIBIT "B"   88

| | |
|---|---|
| STATE OF ALABAMA, ) | IN THE CIRCUIT COURT OF |
| PLAINTIFF, ) | PIKE COUNTY, ALABAMA |
| VS. ) | |
| CHARLES MYHAND, ) | |
| DEFENDANT. ) | CASE NO. CC 89-29 |

## O R D E R

Charles Myhand was on the 2nd day of May, 1989 tried and found guilty by the unanimous verdicts of a properly qualified and impaneled jury of twelve. The Defendant was represented by Deborah Biggers, attorney at law. The Court finds that said verdicts were sustained by the legal and competent evidence presented at trial. After a determination of guilt as to each of the separate five offenses, the Court issued its judgments pronouncing Charles Myhand "Guilty as charged in each of the five offenses set forth in the indictment" returned against him by the February term, 1989 Pike County, Alabama Grand Jury. Said offenses as set forth in the indictment are referred to herein as if said out in full in this order.

The Defendant's attorney requested that a pre-sentence report be prepared. Said request is granted. The State Probation and Parole Officers are hereby ordered to prepare "a pre-sentence report" for use and consideration by this Court at its sentence hearing which is hereby set for the 29th day of June, 1989 at 9:00 a.m.

The State requested that bond either be increased. Register of the Circuit Court for Pike County, Alabama, do hereby certify that the foregoing is a true and correct copy of the original document in the above stated cause, which is on file and enrolled in my office. Witness my hand and seal this the 20 day of Feb, 2002.

EXHIBIT "B"       Brenda M. Peacock

89

that the Defendant be denied bond. Argument was had. Said request is hereby denied.

Done and ordered this the 2nd day of May, 1989.

Gary L. McAliley, Circuit Judge
Twelfth Judicial Circuit
State of Alabama

NOTE: Sentencing day is cont. due to conflict. Date shown above is proper date.

copy DA
Biggers
&
Prob.



EXHIBIT "B" 90

| | |
|---|---|
| STATE OF ALABAMA, ) | IN THE CIRCUIT COURT OF |
| PLAINTIFF, ) | PIKE COUNTY, ALABAMA |
| VS. ) | |
| CHARLES MYHAND, ) | |
| DEFENDANT. ) | CASE NO. CC 89-29 |

### SENTENCE ORDER

Charles Myhand was on the 2nd day of May, 1989 tried and found guilty by the unanimous verdicts of a properly qualified and impaneled jury of twelve. The Court pronounced/declared Charles Myhand guilty of the <u>unlawful distribution of a controlled substance in violation of §13A-12-211</u> of the Code of Alabama while at or within a one mile radius of the campus boundaries of a public school as charged in each of offenses One through Five of the February term 1989 Grand Jury Indictment against Charles Myhand. Sentencing was set for todays date. Charles Myhand, also known as Charles Johns appeared before the Court this date with his attorney, Deborah Biggers for the purposes of being sentenced. The Court insured that a copy of the "pre-sentence report" was afforded both District Attorney and the attorney for the Defendant. The Court further advise the Defendant of the minimum and maximum sentences and/or fines as provided by Alabama Law. The Defendant was then:

1. Afforded an opportunity to make statements in his own behalf before sentencing and was further asked if he had

Exhibit "B"

anything to say as to why the sentences of the law should not be imposed upon him.

   2. Given an opportunity to present evidence as to any matters probative on the issues of sentences and/or facts in mitigation of any penalties that are going to be imposed.

   The State was then afforded an opportunity to present evidence as to any matter probative to the issues of sentences and/or facts in aggravation of any penalties that are to be imposed. The pre-sentence report was also considered by the Court as part of the evidence.

   After considering the arguments of counsel and of the Defendant; the evidence presented at trial and that presented at sentencing; the established fact the unlawful distribution of controlled substances (especially Crack Cocaine) is a major or severe community problem in Pike County, Alabama that must be dealt with and prevented for the health and safety of the public; that this illegal substance or drug is very addictive, detrimental and/or physically and financially destructive to those purchasing and using it; and as a further result of considering the gravity of the offense; this Court did impose such punishments as it deemed appropriate, consistent with the protection of the public in an effort to deter or prevent others engaging is similar offenses of unlawfully distributing like controlled substance, especially "Crack Cocaine" in this Court's jurisdiction.

   IT IS THEREFORE ORDERED THAT CHARLES MYHAND, ALSO KNOW

AS CHARLES JOHNS be and he hereby is sentenced for his conviction in offense one to fifteen (15) years in the penitentiary, State of Alabama and for his conviction as to offense two is also sentenced to fifteen (15) years in the penitentiary, State of Alabama and for his conviction for offense three is also hereby sentenced to serve fifteen (15) years in the penitentiary, State of Alabama and for his sentence in offense four is hereby sentenced to serve fifteen (15) years in the penitentiary, State of Alabama and for his conviction as for offense five is hereby sentenced to serve fifteen (15) years in the penitentiary, State of Alabama. Said sentences are hereby ordered to run concurrently, the Defendant is also ordered to pay fines totalling Twenty Five Thousand ($25,000) Dollars i.e. a Five Thousand Dollar fine as for his conviction of offense one; a Five Thousand Dollar fine for his conviction of offense two; a Five Thousand Dollar fine for his conviction of offense three; a Five Thousand Dollar fine for his conviction of offense four and a Five Thousand Dollar fine for his conviction of offense five. The Court understands that any monies paid by the Defendant would necessarily have to be paid over a period of time after Defendant has served or while the Defendant is serving his sentences.

    IT IS FURTHER ORDERED THAT CHARLES MYHAND ALSO KNOWN AS CHARLES JOHNS be given or allowed credit on the above sentences for anytime he has been incarcerated while awaiting trial and sentencing on the above charges and

convictions, if any time is due.

The Defendant was explained the terms of his sentences and was advised of his right to appeal and was further advised to discuss any desire he may have to appeal any conviction with his counsel.

The record will reflect that the Defendant is not indigent.

The Defendant's sentence was in open court ordered executed. The Defendant is ordered remanded to the custody of the Sheriff of Pike County, Alabama for delivery to the penitentiary, State of Alabama for the purposes of serving his above imposed sentences.

The above court ordered monies are to be paid directly to the Clerk of this Court. If payment is authorized later to be made in installments, there shall be paid an additional One Dollar administrative fee as provided in §12-19-26, Code of Alabama, 1975, with each periodic payment.

This order shall be enforceable during the period of imprisonment and shall be paid from any income or other assets to which the Defendant shall be entitled, including prisoner's money on deposit. Any person in real or constructive possession, custody or control of such employment of income, other income or other assets of the Defendant, shall pay over, deliver, convey, transfer and assign the same to the Clerk of this Court. This order shall be a condition of any future Parole or early release

94

program.

A copy of this order shall be forwarded to the Department of Corrections by the Clerk of Court.

Done this the 29 day of June, 1989.

_____
Gary L. McAliley, Circuit Judge
Twelfth Judicial Circuit
State of Alabama

6/29/89 Appeal Bond is set at $10,000 as to each separate offense (totaling $50,000.00). Oral notice of Appeal was entered or given. Defendant was at all times represented by Deborah Biggers, attorney. Costs of court is also taxed to defendant + is to be paid first.

Gary L. McAliley, Judge



6-29-89
Copies to
DA,
Biggers
Jackson